UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA<br><br>and<br><br>STATE OF CONNECTICUT,<br><br>Plaintiffs,<br><br>v.<br><br>EASTGATE PLAZA, LLC,<br><br>Defendant. | ) | **COMPLAINT**<br><br>Civil Action No. |

The United States of America ("United States"), by authority of the Attorney General of the United States and acting at the request and on behalf of the Administrator of the United States Environmental Protection Agency ("EPA"), and the State of Connecticut ("State"), by authority of the Attorney General of the State of Connecticut and acting on behalf of the Commissioner of the Connecticut Department of Energy and Environmental Protection ("CT DEEP"), through their undersigned attorneys, file this complaint and allege as follows:

## NATURE OF THE ACTION

1. This is a civil action brought by the Plaintiff, United States, against the Defendant Eastgate Plaza, LLC, pursuant to Sections 106, 107(a) and 113(g) of the Comprehensive Environmental Response, Compensation, and Liability Act, as amended ("CERCLA"), 42 U.S.C. §§ 9606, 9607(a) and 9613(g). It is also brought by Plaintiff, State of Connecticut, pursuant to Sections 107(a) and 113(g) of CERCLA, 42 U.S.C. §§ 9607(a) and 9613(g), and Conn. Gen. Statute § 22a-451. The Plaintiffs seek to recover response costs that they have incurred in conducting response activities in connection with the release or threatened release of

hazardous substances into the environment at or from the Scovill Industrial Landfill Superfund Site ("Site"), located in Waterbury, Connecticut. Plaintiff, United States, further seeks injunctive relief, pursuant to Section 106 of CERCLA, 42 U.S.C. § 9606, requiring that the Defendant take action to abate conditions at or near the Site that may present an imminent and substantial endangerment to the public health or welfare or the environment because of actual and threatened releases of hazardous substances into the environment at or from the Site.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over the federal claims in this action pursuant to Section 113(b) of CERCLA, 42 U.S.C. § 9613(b), and 28 U.S.C. §§ 1331 and 1345, and over the claim of the State by pendant jurisdiction, pursuant to Conn. Gen. Stat. §§ 22a-6a, 22a-16, and 22a-451.

3. Venue is proper in this district pursuant to Section 113(b) of CERCLA, 42 U.S.C. § 9613(b), and 28 U.S.C. § 1391(b) and (c), because the claims arose and the threatened and actual releases of hazardous substances occurred in this district.

## DEFENDANT

4. Eastgate is a "person" within the meaning of Section 101(21) of CERCLA, 42 U.S.C. § 9601(21).

5. Eastgate is an "owner" or "operator" of the Site within the meaning of Sections 101(20 and 107(a)(1) of CERCLA, 42 U.S.C. § 9601(20) and 9607(a)(1).

6. Eastgate is a responsible party pursuant to Conn. Gen. Stat. § 22a-451.

## GENERAL ALLEGATIONS

7. The Site is approximately 25 acres, and consists of about 20 contiguous parcels containing a mix of separately owned commercial and residential buildings.

8. Scovill Manufacturing Company used the Site as a landfill from 1919 to the mid-1970s for the disposal of ash, cinders, demolition debris, and other wastes generated by the company. Eastgate owns and operates a 3.9 acre parcel within the Site (the "Eastgate Property").

9. EPA listed the Site on the National Priorities List ("NPL") in July 2000. The NPL was established pursuant to Section 105(a) of CERCLA, 42 U.S.C. § 9605(a), and is found at 40 C.F.R. Part 300, Appendix B. The NPL is a list of those sites at which there are releases of hazardous substances, and which EPA has ranked as having the highest priority for remediation or other response action among all national identified releases, based on relative risk or danger to public health, welfare, or the environment.

10. Beginning in 2002, EPA, in consultation with CT DEEP, oversaw/conducted a Remedial Investigation/Feasibility Study ("RI/FS") at the Site, during which it was found that the waste materials disposed of at the Site contained, among other things, polycyclic aromatic hydrocarbons ("PAHs"), polychlorinated biphenyls ("PCBs"), and metals, such as aluminum, chromium, copper, silver, tin and zinc.

11. The substances listed in Paragraph 10 are "hazardous substances" as defined in Section 101(14) of CERCLA, 42 U.S.C. § 9601(14).

12. On September 30, 2013, EPA issued a Record of Decision ("ROD"), outlining its selected remedial action for the Site. On September 21, 2016, EPA issued an Explanation of

Significant Differences ("ESD") which documents a non-fundamental change to the cleanup approach selected in the ROD.

13. The ROD, as modified by the ESD, provides, among other things, for the excavation of contaminated soils that exceed specified cleanup levels from various areas of the Site, including the Eastgate Property, and consolidation of those soils under a protective cap.

14. The remedy selected in the ROD, as modified by the ESD, is consistent with CERCLA and the National Contingency Plan ("NCP"), 40 C.F.R. Part 300.

15. There has been a "release" or threatened "release" of hazardous substances within the meaning of Section 101(22) of CERCLA, 42 U.S.C. §9601(22), into the environment at and from the Site.

16. The Site is a "facility" within the meaning of Section 101(9) of CERCLA, 42 U.S.C. § 9601(9).

17. The Plaintiffs have each incurred costs, and will continue to incur costs, within the meaning of Section 101(23), (24) and (25) of CERCLA, 42 U.S.C. § 9601(23), (24) and (25), not inconsistent with the NCP, to respond to the release or threatened release of hazardous substances at the Site.

18. The State has incurred costs and will continue to incur costs within the meaning of Conn. Gen. Stat. § 22a-451.

## FIRST CLAIM FOR RELIEF

### (Cost Recovery by Plaintiffs Pursuant to Section 107 of CERCLA)

19. Paragraphs 1 through 18 are realleged and incorporated herein by reference.

20. Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), provides, in pertinent part:

> Notwithstanding any other provision or rule of law, and subject only to the defenses set forth in subsection (b) of this section–
>
> (1) the owner and operator of a vessel or a facility, . . .
>
> shall be liable for,
>
> (A) all costs of removal or remedial action incurred by the United States Government or a State . . . not inconsistent with the national contingency plan. . . .

21. The Defendant is within the class of liable persons described in Section 107(a)(1) of CERCLA, 42 U.S.C. § 9607(a)(1), because it is an owner of a "facility," and therefore, is liable for response costs incurred or that will be incurred by the Plaintiffs in connection with the Site.

**<u>SECOND CLAIM FOR RELIEF</u>**

**(Injunctive Relief Pursuant to Section 106 of CERCLA)**

22. Paragraphs 1-21 are realleged and incorporated herein by reference.

23. Section 106(a) of CERCLA, 42 U.S.C. § 9606(a), provides, in pertinent part, that:

> [W]hen the President determines that there may be an imminent and substantial endangerment to the public health or welfare or the environment because of an actual or threatened release of a hazardous substance from a facility, he may . . . secure such relief as may be necessary to abate such danger or threat . . . .

24. The President, through his delegate, the Regional Administrator of EPA Region I, has determined that there is or may be an imminent and substantial endangerment to the public health or welfare or the environment because of actual and threatened releases of hazardous substances into the environment at or from the Site.

25. Pursuant to Section 106(a) of CERCLA, 42 U.S.C. § 9606(a), the Defendant is liable for injunctive relief to abate the danger or threat presented by a release or a threatened release of hazardous substances into the environment at or from the Site.

26. EPA has determined that the remedy selected in the ROD, as modified by the ESD, is necessary to abate the danger or threat at or from the Site.

27. Therefore, pursuant to Section 106(a) of CERCLA, 42 U.S.C. § 9606(a), the Defendant is liable to undertake the remedial action identified in the ROD, as modified by the ESD.

## THIRD CLAIM FOR RELIEF

### (Cost Recovery by State Pursuant to Conn. Gen. Stat. § 22a-451)

28. Paragraphs 1-27 are realleged and incorporated herein by reference.

29. The Commissioner of CT DEEP is charged with the supervision and enforcement of the statutes of the State of Connecticut respecting the environment, and is generally empowered by virtue of Conn. Gen. Stat. § 22a-6(a)(3) to institute all legal proceedings necessary to enforce the statutes, regulations or orders administered, adopted or issued by the Commissioner of Energy and Environmental Protection.

30. The Defendant directly or indirectly caused pollution and contamination of the land or the waters of the State through the discharge, spillage, uncontrolled loss, seepage, or filtration of oil or petroleum or chemical liquids or solid, liquid or gaseous products or hazardous waste.

31. The State has incurred and will incur in the future costs and expenses in

investigating, containing, removing, monitoring or mitigating such pollution and contaminations caused by the Defendant.

32. The Defendant is liable to the State for said costs and expenses incurred pursuant to Conn. Gen. Stat. § 22a-451.

## FOURTH CLAIM FOR RELIEF

### (Conn. Gen. Stat. § 22a-6a)

33. Paragraphs 1 through 32 are incorporated herein by reference.

34. The Defendant is liable to the State for the reasonable costs and expenses of the State in restoring the air, water, lands and other natural resources of the State, including plant, wild animal and aquatic life to their former condition insofar as practicable and reasonable, or, if restoration is not practicable or reasonable, for any damage temporary or permanent to the air, waters, land or other natural resources of the State, including plant, wild animals and aquatic life and to the public trust therein pursuant to Conn. Gen. Stat. § 22a-16.

## FIFTH CLAIM FOR RELIEF

### (Conn. Gen. Stat. § 22a-16)

35. Paragraphs 1 through 34 are incorporated herein by reference.

36. "The Environmental Protection Act of 1971," Sections 22a-14 to 22a-20 of the Connecticut General Statutes, authorizes an action for declaratory and equitable relief "for the protection of the public trust in the air, water and other natural resources of the State from unreasonable pollution, impairment or destruction."

37. Conn. Gen. Stat. § 22a-16 authorizes the Attorney General or any political

subdivision of the State to maintain such an action for declaratory and equitable relief against any person for the protection of the public trust in the air, water and other natural resources of the State from unreasonable pollution, impairment or destruction.

38. By its activities, the Defendant has created a situation which has and will continue to have the effect or unreasonably polluting, impairing or destroying the public trust in the water and other natural resources of the State unless the defendant takes positive action to abate and remediate conditions which have caused the pollution, impairment or destruction.

**PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff, United States of America and the State of Connecticut, respectfully request that this Court:

1. Enter judgment in favor of the United States and the State against the Defendant pursuant to Section 107(a)(4)(A) of CERCLA, 42 U.S.C. § 9607(a)(4)(A), for all costs incurred by the Plaintiffs, including enforcement costs and prejudgment interest, for response actions taken in connection with the Site;

2. Enter judgment in favor of the State against the Defendant pursuant to Conn. Gen. Stat. § 22a-451 for costs incurred by the State, including enforcement costs and prejudgment interest, for response actions taken in connection with the Site;

3. Order the Defendant to abate the conditions at the Site that may present an imminent and substantial endangerment to the public health or welfare or the environment by undertaking the remedy selected in the ROD, as modified by the ESD;

4. Enter a declaratory judgment in favor of the United States and the State against

the Defendant, pursuant to Section 113(g)(2) of CERCLA, 42 U.S.C. § 9613(g)(2), that the Defendants is liable for future response costs incurred by the Plaintiffs in connection with the Site;

5. Award the Plaintiffs their costs of this action; and

6. Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

ELLEN MAHAN
Deputy Chief
Environmental Enforcement Section

_/s/________________________________
BRIAN G. DONOHUE
Senior Attorney
U.S. Department of Justice
Environment and Natural Resources Division
Environmental Enforcement Section
P.O. Box 7611
Washington, D.C. 20044-7611
(202) 514-5413

DIEDRE M. DALY
United States Attorney
District of Connecticut

_/s/________________________________
NATALIE ELICKER
Assistant United States Attorney
District of Connecticut
157 Church Street, 25th Floor
New Haven, CT 06510
(203) 821-3700

GEORGE JEPSEN
Attorney General
State of Connecticut

/s/ ______________________________
DENISE LILLO VECCHIO
Assistant Attorney General
Office of the Attorney General
55 Elm Street
Hartford, CT 06106

OF COUNSEL:

JOHN E. HULTGREN
Enforcement Counsel
U.S. Environmental Protection Agency
Region 1
5 Post Office Square, Suite 100
Mail Code OES04-3
Boston, MA 02109-3912